Argued and submitted April 22, affirmed June 12, 1991

In the Matter of the Compensation of
Millie M. Crockett, Claimant.

BAKER INDUSTRIES
and CNA Insurance Companies,
*Petitioners,*

*v.*

Millie M. CROCKETT,
*Respondent.*

(WCB 89-03462; CA A66108)

813 P2d 57

Jerald P. Keene, Portland, argued the cause for petitioners. With him on the brief was Roberts, Reinisch, MacKenzie, Wilson & Healey, Portland.

Brent Wells, Eugene, argued the cause for respondent. With him on the brief was Malagon, Moore & Johnson, Eugene.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

RIGGS, J.

**RIGGS, J.**

Employer seeks review of an order of the Workers' Compensation Board affirming and adopting the referee's order requiring payment of compensation for food necessary for claimant's weight loss program. We affirm.

The parties submitted the case to the referee on these stipulated facts:

"Claimant sustained an industrial injury on May 29, 1987. The claim was accepted and is currently in open status. Claimant is obese and a weight reduction program has been recommended. She wishes to participate in the Nutri-Systems weight loss program. The insurer has approved claimant's participation in the program and agrees to pay the necessary enrollment fees.

"In addition to the cost of the Nutri-Systems program itself is the separate weekly cost for food used in the program. The food is produced exclusively by Nutri-Systems and can only be purchased by participants in the program. Participants order food from Nutri-Systems and the orders are filled by program personnel.

"The anticipated cost of Nutri-Systems food for claimant is approximately $55.00 per week. This includes three meals per day. Claimant has already paid for seven weeks of food at a cost of $385.00.

"It is not possible to participate in the Nutri-Systems program without the purchase and use of Nutri-Systems food."

Employer contends that the Board erred in awarding claimant compensation for food associated with the weight loss program, because claimant was simultaneously receiving temporary total disability (TTD) benefits. It argues that, because TTD benefits are intended to provide an injured worker's maintenance during recovery, awarding separate payments for food amounts to double compensation.

Claimant argues that employer has agreed that the weight loss program is compensable. The Nutri-Systems food is an integral part of that program, and claimant cannot participate without it. She contends that, because the food is a reasonable and necessary component of the approved program, employer should pay for the cost of the entire program, including the food.

We agree. Employer approved claimant's participation in the Nutri-Systems weight reduction program. Claimant cannot participate in the program unless she buys the Nutri-Systems food. Not only is the food a reasonable and necessary aspect of the total program, employer agreed to pay for the program. The Board did not err in awarding compensation for the Nutri-Systems food.

Affirmed.